Filed 9/19/24  P. v. Watson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B336720 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA100813) |
| v. | |
| SAMUEL R. WATSON, | |
| Defendant and Appellant. | |

---

APPEAL from an order of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

In 2020, defendant Samuel R. Watson was charged with murder and elder abuse causing death. In 2022, he pleaded no contest to second degree murder pursuant to a plea agreement. In 2023, Watson filed a petition for resentencing under Penal Code[1] section 1172.6. The trial court denied the petition and Watson now appeals that decision. His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, identifying no issues on appeal.

Watson filed a supplemental brief raising certain contentions about his conviction, but none concerns the merits of his resentencing petition. The issues raised by Watson are outside the scope of a section 1172.6 resentencing proceeding and fail to demonstrate any error in the court's denial of his petition. Accordingly, we affirm.

## POSTCONVICTION RELIEF UNDER SECTION 1172.6

We begin by briefly summarizing section 1172.6, which was enacted in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).[2] The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

---

[1] All further statutory references are to the Penal Code.

[2] Section 1172.6 was originally codified as section 1170.95. The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine," and added section 189, subdivision (e) "to amend the felony-murder rule." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) These amendments to sections 188 and 189 became effective January 1, 2019. (Stats. 2018, ch. 1015, §§ 2, 3.)

Section 1172.6 allows defendants convicted of murder under a theory now precluded by section 188 or 189 to petition to vacate their convictions and be resentenced on any remaining counts. Defendants must initially make a prima facie showing of eligibility for relief by demonstrating they can satisfy three criteria: first, that they were charged by a complaint, information, or indictment "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)); second, that they "w[ere] convicted of murder . . . or accepted a plea offer in lieu of a trial at which [they] could have been convicted of murder" (*id.*, subd. (a)(2)); and third, that they "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). If the defendant makes a prima facie showing satisfying all three criteria, the resentencing court must issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove, beyond a reasonable doubt, that the defendant is ineligible for resentencing. (§ 1172.6, subds. (c), (d).)

3

## PROCEDURAL HISTORY

The charges against Watson were filed after the amendments to sections 188 and 189 enacted by Senate Bill No. 1437 became effective in 2019. On December 8, 2020, the People charged Watson with murder (§ 187, subd. (a)) and elder abuse causing death (§ 368, subd. (b)(1), (3)), alleging that on May 23, 2018, he killed George Leon McKinney with malice aforethought. The People charged Watson with an enhancement under section 667.9, subdivision (a), alleging that McKinney was 65 years old and Watson knew or reasonably should have known this fact. The People also charged Watson with having suffered two prior convictions for a "serious and/or violent felony" within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b) and for "a serious felony" within the meaning of section 667, subdivision (a)(1).

On September 15, 2022, Watson agreed to plead no contest to one count of second degree murder (§ 187, subd. (a)) with a minimum imprisonment term of 15 years and a maximum term of life. Under the plea agreement, the charges under section 368, subdivision (b)(1) and the allegations of prior convictions were dismissed. The court found a factual basis for the plea and accepted both the plea and Watson's waivers on the record, finding them to have been knowingly, intelligently, and voluntarily made.

That same day, in accordance with the plea agreement, the court imposed a prison sentence of 15 years to life.

On August 8, 2023, Watson filed a resentencing petition under section 1172.6. The trial court appointed counsel to represent Watson on the petition.

4

The court heard argument on January 22, 2024, and summarily denied the petition on the ground that Watson had pleaded no contest to second degree murder in 2022, after the changes to the law addressed in section 1172.6 had taken effect. The court further found the record of conviction showed Watson was the actual killer, as he was the only person charged in the information, and section 1172.6 does not provide relief to a defendant who personally killed the victim. (See *People v. Strong* (2022) 13 Cal.5th 698, 710 ["Senate Bill [No.] 1437 relief is unavailable if the defendant was . . . the actual killer"].) The court issued a written ruling on January 24, 2024, denying the petition on these grounds.

Watson filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Watson in this appeal. Watson's attorney filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo*, *supra*, 14 Cal.5th 216. In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and

5

that if no letter or brief is filed within 30 days, the court may dismiss the matter."[3] (*Id.* at pp. 231-232.)

On July 18, 2024, we received a supplemental letter brief from Watson, in which he stated that he "slapped" a homeless man who had insulted him and the man died three days later. He further stated that his victim had cocaine in his system and an enlarged heart. Watson asserted that he pleaded guilty because his attorney told him that if he were to be convicted it would be considered his third strike and the judge would not remove any of his prior strikes. He contends he accepted the plea agreement while on "psych medication" and his attorney "never filed anything to know if the judge would strike any of my strikes."

Where the defendant files a supplemental brief, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

Watson appears to argue that his conduct was not severe enough to justify the charges asserted against him, that his consent to the plea agreement was invalid because he was under medication at the time, and his attorney was ineffective for not confirming whether the court would consider striking any of his

---

[3] On July 1, 2024, this court sent a notice to Watson informing him of his right to file a supplemental brief. In a declaration submitted with the appellant's brief, Watson's counsel averred that he would send Watson a copy of the brief and had already sent Watson the transcripts of the record on appeal.

prior strikes.  None of these arguments is cognizable in a section 1172.6 proceeding, the purpose of which " 'is to give defendants the benefit of amended sections 188 and 189' " and " 'not to provide a do-over' " on unrelated issues regarding their conviction.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Watson does not argue that he was charged with murder under a theory that is now invalid as a result of the amendments to sections 188 and 189, nor does he dispute the trial court's finding that he was ineligible for relief under section 1172.6 because he pleaded guilty after those statutory amendments had taken effect.  Watson also does not challenge the trial court's finding that he was charged as the actual killer, and admits that he alone struck McKinney.  Thus, Watson's challenge to the trial court's order necessarily fails.  Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's order denying Watson's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

KELLEY, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8